**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**KATHERINE CONNER**                                **CIVIL ACTION**

**VERSUS**                                          **NUMBER 02-284-RET-DLD**

**LOUISIANA DEPARTMENT OF HEALTH**
**AND HOSPITALS**

### ORDER

This matter is before the court on plaintiff's motion to compel (rec. doc. 39), plaintiff's motion to subpoena (rec. doc. 44), and plaintiff's motion to subpoena (sic) to supercede motion to subpoena filed March 19, 2008 (rec. doc. 45). Defendant has opposed plaintiff's motion to subpoena and plaintiff's motion to supercede motion to subpoena. Because plaintiff's motion to supercede encompasses the original motion to compel (rec. doc. 39), the court will treat defendant's opposition as an opposition to all three motions.[1]

### *Background*

Plaintiff began her employment with the Louisiana Department of Health and Hospitals as a Therapeutic Recreation Specialist 2 on May 2, 1977. On March 27, 2000, plaintiff suffered a work-related leg injury of some kind, and between March 27, 2000, and October 20, 2000, she worked less than one month and took leave for the remainder of that time, exhausting her sick and FMLA leave. Defendant maintains that it terminated her because she was unable to perform the essential functions of her position according to medical certification and her own admissions, and had exhausted all leave. Further, since September 22, 2000, plaintiff had been on unpaid leave and would remain so for an indefinite period of time. Once terminated, plaintiff filed an EEOC charge of discrimination

---

[1] The court notes, however, that defendant used this opposition in an attempt to raise qualified immunity issues that, while suitable to a Rule 12(b)(6) motion to dismiss, or a motion for summary judgment, are not suitable to an opposition to a motion to compel.

based on disability, harassment, and retaliation. She received her Right-to-Sue letter, and filed suit in this court alleging Title VII and ADA violations based on the EEOC charge, and adding a new claim of race discrimination.

***The Motion to Subpoena to Supercede Motion to Subpoena***

This motion to supercede encompasses not only the motion to subpoena filed on March 19, 2008, but also plaintiff's prior motion to compel filed on February 19, 2008, in that it requests a copy of the "transcript tape recording" from her worker's compensation trial of May 30, 2002. The court therefore will treat this motion as one which supercedes both earlier motions.

This motion requests that the court subpoena employee personnel records and time sheet records from the Eastern Louisiana Mental Health System and Feliciana Forensic Facility (East Campus), along with the aforementioned "transcript tape recording." In her original motion to compel, plaintiff states that she made several "record requests" to the Louisiana Department of Labor and Workers Compensation ("LDLWC") for a copy of the "transcript recording." Plaintiff's motion refers to several exhibits to the motion, but there were no exhibits attached to the motion. Thus, the court has no documents to review.

Moreover, plaintiff claims that the written transcript she reviewed at some point in time was altered and not the original transcript of the trial. She accuses the LDLWC of working with the Department of Health & Hospitals (DHH) to "deliberately manipulate" the transcript to further discriminate against her by cancelling her workers' compensation benefits. She further states that defendant herein did not try to "reconcile" the matter when it failed to "verbalize disclosure of this tape recording" during a status conference held in

this court in January, 2008. She cites to the Freedom of Information Act, and seeks a judgment against both the non-party LDLWC and DHH to produce her "transcript tape."

Plaintiff does not indicate that she formally requested any documents from DHH, and did not attached any request for production for the court's review. Further, she does not indicate that she attempted to resolve this matter before filing the motion to compel. Plaintiff has not provided any evidence to the court that she properly requested the production of these documents from either the non-party LDLWC or defendant, nor has she explained how a transcript of a hearing held two months after she filed suit in this court has any relevance to her EEOC charge or her suit. Plaintiff has provided no basis or authority for the court to order production of the transcript.

Plaintiff next requests the personnel records and/or time sheets of eleven employees, including herself. She requests that the court have the U.S. Marshal issue subpoenas for these documents, and states that these documents are necessary in order to oppose the motion to dismiss and to support her wrongful termination disability discrimination suit. Plaintiff does not indicate that she formally requested these records from defendant, and defendant would be the only entity with access to these records. Further, plaintiff has not made any kind of showing as to how her receipt of these documents would lead to any relevant evidence. She has not, for example, identified that these individuals were disabled but treated differently, either in her EEOC charge, the lawsuit, or the motions themselves.

While the court recognizes that plaintiff is now proceeding *pro se*, the plaintiff is still responsible for proceeding with discovery in accordance with the Federal Rules of Civil Procedure, specifically Rules 26, 33, and 34.

*The Motion to Compel and the Motion to Subpoena*

As both of these motions are now subsumed into the motion to supercede, both of these motions shall be dismissed as moot.

## CONCLUSION

As plaintiff has failed to demonstrate to the court that she requested any of the information by a written request, the motion to subpoena to supercede the motion to subpoena (rec. doc. 45), shall be denied as premature.  Also, even if the motions were not premature, the information sought by plaintiff is not reasonably calculated to lead to evidence admissible at trial as she has not alleged in either her EEOC charge or her complaint that the basis of her termination or discrimination was connected in any way to her workers' compensation hearing, a hearing which did not take place until two months after her suit was filed.  Further, plaintiff failed to establish any grounds whatsoever for the court to compel the production of various employees' time sheets and personnel records.

Accordingly,

**IT IS ORDERED that**

1) plaintiff's motion to compel (rec. doc. 39) is **DISMISSED as moot**;

2) plaintiff's motion to subpoena (rec. doc. 44) is **DISMISSED as moot**, and

3) plaintiff's motion to subpoena (sic) to supercede motion to subpoena filed March 19, 2008 (rec. doc. 45) is **DENIED.**

Signed in Baton Rouge, Louisiana, on September 24, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**