**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KATHERINE CONNER** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 02-284-RET-DLD** |
| **LOUISIANA DEPARTMENT OF HEALTH AND HOSPITALS** | |

**MAGISTRATE JUDGE'S REPORT**

This employment discrimination case comes before the court on defendant's motion to dismiss (rec. doc. 38). The motion is opposed by plaintiff, who appears *pro se* (rec. doc. 48).[1] Defendant states that plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted because 1) DHH is entitled to qualified immunity; 2) there are no allegations by plaintiff that DHH violated her civil rights; and 3) her state law claims are barred by the Eleventh Amendment.

*Factual Background*

Plaintiff was employed by the Louisiana Department of Health and Hospitals ("DHH") beginning May 2, 1977. On March 27, 2000, plaintiff suffered a work-related leg injury. Plaintiff alleges she was forced to return to work before she was healed from that injury, and so requested an accommodation for her injury.[2]  Plaintiff alleges that defendant would not provide her with any accommodations, so plaintiff again took leave due to her injury. Plaintiff then returned to work on September 2, 2000, this time with a full-duty work release

---

[1] At the time of the filing of the complaint, plaintiff was represented by counsel, but is now appearing *pro se*.

[2] Plaintiff states that she provided defendant with a light-duty work release on July 17, 2000, upon her return to work.

from her doctor.  On September 21, 2000, plaintiff injured her leg again at work, and took leave for a third time.[3]  While plaintiff was out on this leave, defendant advised her that they were considering terminating her because she was unable to perform the essential functions of her position according to the medical certification; had exhausted her FMLA, sick and annual leaves; and had been on unpaid leave since September 22, 2000.  Plaintiff was given an opportunity to respond.  After receiving her response, defendant terminated her because she was unable to perform the essential functions of her position according to medical certification and her own admission in her response letter. (rec. doc. 48-2, pages 11-14).

Plaintiff was terminated on or about October 17, 2000, filed a charge with the EEOC on August 24, 2001,[4] and the EEOC issued a right-to-sue letter on December 19, 2001. Thus, plaintiff's EEOC filing was timely as it occurred within 300 days of the precipitating event.  Plaintiff then filed this suit on March 19, 2002, alleging that she was disabled as defined by the Americans with Disabilities Act ("ADA"), but was otherwise qualified to perform the essential functions of her job as a Therapeutic Recreation Service Specialist 2 ("TRSS 2"). Plaintiff also alleged that the defendant intentionally discriminated against her because of her race by "refusing the plaintiff privileges of employment afforded other employees not within plaintiff's protected class and by termination of her employment." (rec doc. 1, pg 2).  She maintains that defendant's reasons for her termination, *i.e.*, inability to

---

[3] It is unclear from the record how much plaintiff worked between July and September 2000.

[4] Plaintiff filed her questionnaire on July 23, 2001, although the EEOC did not file a charge until August 24, 2001.

perform the essential functions of her job and lack of available accommodations, are pretextual covers for race discrimination.

Plaintiff asserts this court has federal question jurisdiction over this lawsuit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.,* because defendant violated the provisions of Title VII when it refused to accommodate plaintiff as it had "other employees similarly situated but not of a protected class." (Complaint, pg 6) She also alleges race discrimination in that she was denied promotion opportunities, forced to exhaust all her FMLA and sick leave time, and was not given accommodations. She alleges retaliation when she was terminated, stating that the termination occurred because she reported various unlawful employment practices to her supervisor.

## Governing Law

### Rule 12(b)(6) Standard

In order to give the defendant fair notice of the claim, plaintiff is required to plead a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6) attacking the plaintiff's complaint for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Guidry v. American Public Life Ins. Co.,* 512 F.3d 177 (5th Cir. 2007), *citing Bell Atl. Corp. v. Twombly,* --- U.S. ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.,* at 1965; *see also Schafer v. State Farm Fire and Cas.*

*Co.*, 507 F.Supp.2d 587, 591 (E.D. La. 2007). A motion to dismiss under Rule 12( b)(6) is "viewed with disfavor and is rarely granted." *Priester v. Lowndes County*, 354 F.3d 414 (5th Cir. 2004). In deciding a motion to dismiss for failure to state a claim, a court is generally limited to the allegations of the complaint and the documents either attached to or incorporated in the complaint. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996), citing Fed. R. Evid. 201(f).

**Discussion**

Unfortunately, the defendant seems to have confused employment discrimination law with claims brought under 42 U.S.C § 1981 et. seq. Defendant spends almost the entirety of his memorandum arguing that the DHH, a state agency, is entitled to qualified immunity. Qualified immunity simply does not apply in this context. Qualified immunity is a defense available to a state official sued in his individual capacity for violations of a plaintiff's civil rights. *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358 (1991). It is not an available defense under Title VII. *Harvey v. Blake*, 913 F.2d 226, 228 (5th Cir. 1990) (Because the doctrine of qualified immunity protects a public official from liability for money damages in his individual capacity only, the doctrine is inapplicable in the Title VII context.)

There are, of course, instances where a plaintiff names individual defendants and alleges both civil rights violations and Title VII violations in a complaint stemming from unlawful termination. In that situation, the defendant could argue the qualified immunity defense for those claims under, for example, 42 U.S.C. §§ 1981 or 1983, but that defense would not be available under the claims brought under Title VII. Additionally, there is no "individual" defendant in this action. Last, even if the State could assert such a defense, which it cannot, the plaintiff's allegation that she was fired because of her race is sufficient

to overcome the defense for purposes of a motion to dismiss. No reasonable state official could believe that such an action would not be violative of the plaintiff's constitutional rights, and it clearly is and was a well-established right.

The pages in defendant's memorandum that are not devoted to the erroneous application of qualified immunity are devoted to arguing facts. A motion to dismiss must take plaintiff's allegations at face value, even if doubtful. Plaintiff has more than alleged sufficient facts to survive a motion to dismiss based on the underlying merits of her claim. A motion to dismiss is not the place to argue that plaintiff's version of the facts are not true. This is not to say that there might not be other legal arguments that could have been brought, but were not. It also is not to say that facts could not be presented by way of summary judgment. It is to say, however, that arguing facts in a memorandum in support of a motion to dismiss will rarely, if ever, succeed.

The last contention defendant makes in its motion is that plaintiff's *state law* claims should be dismissed because they are barred by the Eleventh Amendment. The defendant mentions no other claims that might also be barred, and in fact argues the underlying merits of plaintiff's claims under both the ADA and Title VII.

Whether plaintiff even asserted state law claims is not entirely clear. Her complaint listed claims regarding her termination and discrimination, but did not indicate if they were asserted under state law or included within plaintiff's federal claims under Title VII of the Civil Rights Act and the ADA. Nor did plaintiff provide any clarification in her brief in opposition to defendant's Rule 12(b)(6) motion to dismiss.

To the extent that plaintiff intends her termination and discrimination claims as separate and independent claims under state law, those claims are barred by defendant's

Eleventh Amendment immunity. There is nothing in the record to suggest that the State of Louisiana has waived its immunity with respect to such claims. To the contrary, Louisiana has by statute explicitly refused to waive its sovereign immunity under the Eleventh Amendment with respect to all lawsuits brought in federal court. La. Rev. St. Ann. § 13:5106(A). Accordingly, defendant's Rule 12(b)(6) motion should be granted to the extent that plaintiff has asserted wrongful dismissal and discrimination claims against the State (DHH) under Louisiana law.

## Conclusion

It is the recommendation of the magistrate judge that the motion to dismiss plaintiff's claims be **GRANTED in part and DENIED in part** in that defendant's motion be denied except as to plaintiff's state law claims, which should be dismissed based on the defendant's assertion of sovereign immunity as to those claims, to the extent they were asserted.

Signed in Baton Rouge, Louisiana, on September 25, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**KATHERINE CONNER**

**VERSUS**

**LOUISIANA DEPARTMENT OF HEALTH AND HOSPITALS**

**CIVIL ACTION**

**NUMBER 02-284-RET-DLD**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 25, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**