UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KATHERINE CONNER**                                       **CIVIL ACTION**

**VERSUS**                                                 **NUMBER 02-284-RET-DLD**

**LOUISIANA DEPARTMENT OF HEALTH
AND HOSPITALS**

## ORDER

This matter is before the court on plaintiff's motion to supplement pages to plaintiff's opposition to defendant's motion to dismiss (rec. doc. 50), filed herein on May 6, 2008, and plaintiff's motion to reconsider (rec. doc. 56). The motions are not opposed.

On September 25, 2008, the undersigned issued a Report and Recommendation on defendant's motion to dismiss, recommending denial of the motion to dismiss except for the dismissal of plaintiff's state law claims (to the extent they were asserted) based on sovereign immunity. The district court issued a ruling on October 27, 2008, adopting the report and recommendation of September 25, 2008.

The plaintiff's motion to supplement pages to her opposition to the motion to dismiss is not a supplement, but an amended version of her opposition to the motion to dismiss. In her "supplement," in addition to an expansion of her arguments, plaintiff cites to the following additional exhibits: 1) light duty doctor's excuse dated July 17, 2002; 2) sample duty list dated July 24, 2000; 3) a letter from Velera Valyan dated August 24, 2003; 4) a meeting on September 7, 2000, discussing accommodations; 5) and a doctor's referral dated October 11, 2000. No exhibits were provided, and even if they had been, they would provide little, if any, additional information opposing the motion to dismiss, as the motion

to dismiss was denied, except for plaintiff's state law claims (if any).  Thus, plaintiff's motion can be dismissed as moot.

Plaintiff also filed a motion to reconsider, asking the court to amend its September 24, 2008, ruling denying plaintiff's motion to subpoena documents. In that ruling, the court found that the plaintiff failed to demonstrate to the court that she requested any of the information by written request, and so her motion to compel that information was premature.  The court also found that even if the motion to compel was not premature, the information plaintiff sought was not reasonably calculated to lead to evidence admissible at trial because she failed to allege in either her EEOC charge or her complaint that the basis of her termination or discrimination was connected to her worker's compensation hearing, a hearing which did not occur until two months after she filed suit.  The court further found that the plaintiff failed to establish any grounds whatsoever for seeking to compel the production of various employees' time sheets and personnel records.

In her motion to reconsider, the plaintiff alleges that the court erred in its ruling.  She first contends that the evidence sought by her of her worker's compensation trial is reasonably calculated to lead to evidence admissible at trial.  In support of that contention, she points out that she mentioned "counseling" in her complaint, page 7, paragraph 31.[1] That paragraph states that "as a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages: . . . mental anguish, emotional distress, humiliation and embarrassment resulting in medical costs for counseling."  The lawsuit was

---

[1] Plaintiff continually cites to a handwritten EEOC complaint of July 23, 2001, but the only handwritten document provided to the court is a charge questionnaire dated July 23, 2001, and it states that the loss of her job caused her to seek psychiatric help, not the actions of the workers compensation office.

filed March 19, 2002, but the worker's compensation trial was not held until May 30, 2002. Plaintiff has not persuaded the court that she suffered from the worker's compensation trial two months before the trial took place. Her suffering, if any, would have been a direct and proximate result of the defendant's conduct, not the conduct of the worker's compensation office.

Furthermore, while she has requested the verbal tape records from the worker's compensation office by letter numerous times, she has failed to provide that office with the $300 deposit necessary to obtain the verbal tape records. (rec. doc. 40, page 6). She has further failed to initiate any formal discovery to the worker's compensation office in accordance with Rules 26, 33, 34, or 45 of the Federal Rules of Civil Procedure. Her failure to obtain the verbal tape records of her worker's compensation hearing is her own. She is quite aware that she must provide the court reporter with a $300 deposit if she wants the recording. Moreover, plaintiff's motion to compel asked the court to compel DHH to provide a transcript of a worker's compensation hearing, but the DHH has clearly stated that they do not possess the trial transcript, and has directed Ms. Connors to seek it from the court where the hearing took place, or from her own lawyer. (rec. doc. 56-3). The court is not going to compel DHH to produce records that it does not have.

Plaintiff next argues that the court overlooked documents when it stated that plaintiff failed to establish any grounds for the court to compel the production of various employees' time sheets and personnel records, and cites to paragraph 28 of her complaint.[2] She

---

[2] Plaintiff again cites to the handwritten EEOC charge questionnaire of July 23, 2001, that differs from the information contained in the notarized EEOC charge of August 24, 2001. Moreover, the July 23, 2001 handwritten charge questionnaire states that the most recent date for the alleged harm was October 23, 2001, three months <u>after</u> she completed the charge questionnaire.

contends that white employees who were similarly situated to her were treated differently. Unfortunately for Ms. Connors, neither her handwritten EEOC charge questionnaire of July 23, 2001, nor her EEOC charge of August 24, 2001, mentions race. It is not until she filed the instant suit does race discrimination arise as the reason for her discrimination and termination.[3] In her motion to reconsider, the plaintiff still has not shown the court that these were employees similarly situated to her, or that she received disparate treatment based on her disability, or DHH's perception of her disability. She merely states that these are white employees who received preferential treatment when they took leave. Her continuing request that the court subpoena eleven employees' time sheets and personnel records is an improper vehicle for her to receive their records as she still has shown no grounds upon which her request may be granted. Also, she did not formally request these documents through a request for production to DHH, or subpoena the departments where these employees work.

While the court has broad discretion concerning discovery, it does not have broad discretion to allow the plaintiff wholesale access to other employees' personal and time sheet records without a showing that the information may lead to evidence admissible at trial. Until such time as plaintiff has addressed the court's order regarding jurisdiction over her race claims, these records cannot lead to any evidence admissible at trial, and even if these records might lead to evidence admissible at trial, the plaintiff is going to have to request or subpoena them in accordance with Rules 26, 33, 34, and 45 of the Federal Rules of Civil Procedure before asking the court to intervene on her behalf.

---

[3] The court ordered that the parties brief the issue regarding race discrimination arising out of or from the EEOC charge that included disability and retaliation. The plaintiff's brief is due December 15, 2008.

Accordingly, plaintiff's motion to supplement is **DISMISSED as moot**, and plaintiff's motion to reconsider the court's ruling of September 24, 2008, is **DENIED.**

Signed in Baton Rouge, Louisiana, on December 9, 2008.

                                     **MAGISTRATE JUDGE DOCIA L. DALBY**