UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KATHERINE CONNER | CIVIL ACTION |
| VERSUS | NO. 02-284-BAJ-DLD |
| LOUISIANA DEPARTMENT OF<br>HEALTH AND HOSPITALS | |

**RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court pursuant to a Motion for Summary Judgment by Defendant Louisiana Department of Health and Hospitals ("DHH"). (doc. 88–1) Plaintiff, Katherine Conner ("Plaintiff"), opposes Defendant's motion. (doc. 90) Jurisdiction is based on 28 U.S.C. § 1331.

**BACKGROUND**

In 2002, Plaintiff filed suit against DHH, her former employer, for discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"). Plaintiff began working for DHH in 1977 as a Psychiatric Aide and was promoted several times; she assumed her final position with DHH in 2000 as a Therapeutic Recreation Service Specialist 2. In this position, Plaintiff's duties included treating patients who lacked social skills, patients who suffered from depression, and patients who suffered from other mild psychological problems.

1

In 1999–2000, Plaintiff suffered three accidents, all of which required her to take medical leaves of absence. On July 19, 1999, Plaintiff went on medical leave after she slipped and fell while walking in the employee parking lot. On March 27, 2000, Plaintiff injured her leg in a work-related incident. Plaintiff returned to work with a light duty slip from a doctor on July 17, 2000, after her period of leave without pay had ended. On August 25, 2000, Plaintiff submitted a complaint to the EEOC alleging discrimination and retaliation in violation of the ADA. Plaintiff returned to work on September 2, 2000, with a full-duty work release from a doctor. On September 13, 2000, DHH sent Plaintiff a letter directing her to return to work with no limited duties, and stating that ". . . [f]ailure to adhere to this directive may result in disciplinary actions up to and including termination from your position." (doc. 88-1, p. 3) Plaintiff injured her leg again on September 21, 2000, and took leave for the third time.

On October 3, 2000, DHH sent Plaintiff a letter proposing to remove her from her position because of Plaintiff's inability "to perform the essential functions of your position according to recent medical certification," and as a result of Plaintiff's having exhausted all sick and annual leave. On October 13, 2000, DHH sent Plaintiff a letter advising her she had been terminated.

Plaintiff filed an intake questionnaire with the EEOC on July 23, 2001, alleging both discrimination and retaliation in violation of the ADA.[1] Her civil service appeal was dismissed for failure to appear on August 14, 2001. Plaintiff filed the instant suit on March 19, 2002, alleging that DHH a) failed to provide reasonable accommodations to allow her to perform her job duties; and b) retaliated against Plaintiff by terminating her in response to her EEOC complaint. Defendant now files a motion for summary judgment, seeking to dismiss Plaintiff's claims. Plaintiff opposes the motion.

## DISCUSSION

### Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Independent School District*, 113 F.3d 528 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

---

[1] Because Plaintiff's claim arose in 2000 (prior to the 2009 amendments to the ADA) the law applicable to the instant case is the ADA in effect at the time the suit was brought. Therefore the current version of the ADA as amended in 2009 is not applicable.

The non-movant's burden, however, is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

**Discrimination under the ADA**

"In order to make a *prima facie* case of discrimination under the ADA, a plaintiff must establish that she is a qualified individual with a disability and that the negative employment action occurred because of the disability." *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1119 (5th Cir. 1998) (citing 42 U.S.C. § 12112(a)). Therefore, the plaintiff must first establish that she has a disability. *Id.* (citing *Bridges v. City of Bossier*, 92 F.3d 329, 332 (5th Cir. 1996), *cert. denied*, 519 U.S. 1093 (1997)). The term "disability" encompasses three categories under the ADA: (1) a mental or physical impairment that substantially limits one or more major life activities of an individual; (2) a record of such impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(2); 29 C.F.R. § 1630.2(g). In her opposition to DHH's motion for summary judgment, Plaintiff does not dispute DHH's argument that she is not "disabled" within the meaning of part (1) mentioned above. Instead, she argues that DHH regarded her as disabled within the meaning of part (3) above.

4

As the ADA explains,

> An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.

42 U.S.C. § 12102(3). The Fifth Circuit has also set forth the manner in which a person might establish a claim to be "regarded as" impaired:

> One is regarded as having a substantially limiting impairment if the individual (1) has an impairment which is not substantially limiting but which the employer perceives as constituting a substantially limiting impairment; (2) has an impairment which is substantially limiting only because of the attitudes of others toward such an impairment; or (3) has no impairment at all but is regarded by the employer as having a substantially limiting impairment.

*Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 508 (5th Cir. 2003) (citing *Bridges*, 92 F.3d 329, 332). Plaintiff falls under the first prong as she asserts that she "suffers from an impairment that may not limit her in a major life activity, but DHH considered that it did at the time it terminated her employment." (doc. 90, p. 7) The term "substantially limiting" means:

> Significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

29 C.F.R. § 1630.2(i). The ability to engage and maintain gainful employment is one such major life activity. *Gowesky*, 321 F.3d at 508. In order to establish that her employer regarded her as disabled within the meaning of the ADA, Plaintiff

5

must produce evidence that demonstrated that DHH "entertain[ed] some misperception regarding [the plaintiff]—either that [she] has a substantially limiting impairment [] she does not have or the impairment is not so limiting as believed." *Aldrup v. Caldera*, 274 F.3d 282, 287 (5th Cir. 2001) (citing *Sutton v. United Air Lines, Inc.* 527 U.S. 471, 489 (1999)). Attempts to facilitate an employee's return to work shows that the employer did not regard an employee as substantially limited in working. *Bleak v. Providence Health Center*, 454 Fed.Appx. 366, 369 (5th Cir. 2011) (citing *Kemp v. Holder*, 610 f.3d 231, 238 (5th Cir. 2010); *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 807 n.10 (5th Cir. 1997).

Plaintiff asserts that DHH "undoubtedly" considered her substantially limited because of its language in the termination letter stating she was "unable to perform the essential functions of [her] position according to recent medical certification." (doc. 90, p. 8) However, Plaintiff does not allege any facts or bring any evidence to show that DHH considered her unable to perform a broad range of jobs. Indeed, Plaintiff's complaint and opposition to DHH's motion for summary judgment only concern her position as a TRSS2. Furthermore, although DHH finally terminated Plaintiff, it did attempt to facilitate her return to work by providing leave prior to the termination, which ended only when a doctor issued a full release to continue working.

The Court finds Plaintiff fails to bring forward evidence that would place in dispute whether DHH regarded her as "substantially limited" in the major life activity of working, as is required under the pre-amendment version of the ADA. Therefore, DHH's motion for summary judgment is granted for Plaintiff's claim for discrimination under the ADA.

**Retaliation under the ADA**

A plaintiff makes out a *prima facie* case of retaliation by establishing three elements: (1) the employee engaged in conduct protected in Title VII; (2) the employer's action had an adverse effect upon the employee; and (3) the employer acted *because of* the employee's conduct. *Shirley v. Chrysler First, Inc.*, 970 F.2d 39 (5th Cir. 1992). A plaintiff must prove that the employer knew the plaintiff engaged in protected conduct as an employee as a prerequisite to satisfying the causation element. *See Jefferies v. Harris County Community Action Ass'n*, 615 F.2d 1025 (5th Cir. 1980).

In the instant case, the Plaintiff participated in protected activities twice: first by requesting leave without pay, and second by filing a charge of discrimination in violation of the ADA with the EEOC. (docs. 88-3, 88-2) DHH's action of terminating the Plaintiff's position clearly had an adverse effect as she lost her principal means of income. Determining whether Plaintiff has shown a genuine issue of material fact for the causation element is a more complex question. One method courts have employed in determining whether an

employer's adverse action occurred "because of" an employee's protected activity is measuring the time between the two events. In general, the closer in time the employer's knowledge is to the adverse action, the more likely a court is to infer a causal connection. *See Swanson v. GSA*, 110 F.3d 1180, 1188 (5th Cir. 1997) (citing *Armstrong v. City of Dallas*, 997 F.2d 62, 67 (5th Cir. 1993). *See also King v. Preferred Technical Group*, 166 F.3d 887 (7th Cir. 1999); *Quinn v. Green Tree Credit corp.*, 159 F.3d 759 (2d Cir. 1998); *Berman v. Orkin Exterminating co., Inc.*, 160 F.3d 697 (11th Cir. 1998).

In the instant case, the record shows that Plaintiff filed a charge of discrimination with the EEOC on August 25, 2000. (doc. 88-2, ¶ 11) A copy of the complaint was forwarded to DHH. (doc. 88-2, ¶ 11) Just over one month later, DHH terminated Plaintiff's position as a TRSS2. (doc. 88-2, ¶ 19) This period of time is short enough to infer causation and create a genuine issue of material fact as to whether DHH retaliated against the Plaintiff for her participation in a protected activity under Title VII. Therefore, DHH's motion for summary judgment is denied for Plaintiff's retaliation claim.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES in part and GRANTS in part Defendant's motion for summary judgment.

Baton Rouge, Louisiana, October 11, 2012.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA