UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KATHERINE CONNER

VERSUS

LOUISIANA DEPARTMENT
OF HEALTH AND HOSPITALS

CIVIL ACTION

NO. 02-284-BAJ-DLD

## RULING AND ORDER ON MOTION FOR RECONSIDERATION

Before the Court is a motion for reconsideration filed by defendant, Louisiana Department of Health and Hospitals ("Defendant"), seeking the Court's reconsideration of its prior ruling on Defendant's motion for summary judgment. The motion is filed pursuant to Federal Rule of Civil Procedure 60(b)(6), a catchall provision which permits reconsideration for "any ... reason that justifies relief" apart from those expressly provided in the Rule. Fed. R.Civ.Pro. 60(b)(6). Specifically, Defendant seeks reconsideration of that part of the Court's ruling which denied summary judgment as to the retaliation claim of the plaintiff, Katherine Conner ("Plaintiff").

### DISCUSSION

In order to establish a *prima facie* case of retaliation, a plaintiff employee must show: 1) he or she was engaged in a protected activity; 2) the employer's action had an adverse effect upon the plaintiff; and 3) there exists a causal connection between the plaintiff's protected activity and the

employer's adverse employment action. *Shirley v. Chrysler First, Inc.*, 970 F.2d, 39, 42 (5th Cir. 1992).

Under the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, (1973), once a plaintiff establishes a *prima facie* case, the burden shifts to the employer "to articulate some legitimate, nondiscriminatory reason" for the adverse action. 411 U.S. 792, 802 (1973). "To accomplish this, the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection." *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 255 (1981). "The explanation provided must be legally sufficient to justify a judgment for the defendant." *Id*. Plaintiff retains the burden of persuasion, and must have the opportunity to demonstrate that the proffered reason was not the true reason for the employment decision. *Id*. at 256.

In the instant case, Defendant does not dispute that Plaintiff satisfies the first two elements of a *prima facie* case for retaliation. Moreover, the evidence also establishes the third element of a *prima facie* case, a causal link between the protected activity and adverse employment action. This link may be established by "reference to the temporal proximity" between Plaintiff's taking of protected leave and her termination. *King v. Preferred Technical* Group, 166 f.3d 887, 893(7th Cir. 1999). In the Court's original ruling on summary judgment, it found that Plaintiff had established the

causal link through such temporal proximity, as she was terminated just over one month after participating in a protected activity. (doc. 93, p. 8) Defendant argues that it has rebutted the third element, because it has *"articulated a non-discriminatory reason for terminating the plaintiff."* (doc. 96-1, p.6) (emphasis supplied) Defendant claims Plaintiff was terminated because: a) she was unable to perform the essential functions of her position according to recent medical certification; b) she had exhausted her sick, annual and Family Medical Leave Act ("FMLA") leave; and c) she was on leave without pay. (doc. 96-1, p. 6) Furthermore, Defendant argues that Plaintiff has failed to provide *"significantly probative admissible evidence showing that the employer's articulated reason for the discharge was pretext for discrimination."* (doc. 96-1, p. 6) (emphasis supplied). The Court finds that evidence in the record shows that Defendant has satisfied its burden to establish a legitimate, non-discriminatory reason for terminating Plaintiff, therefore rebutting the *prima facie* case.

The burden then shifts to Plaintiff to demonstrate that the legitimate reasons offered by Defendant were a pretext to discrimination. In other words, because Defendant has carried its burden of producing legitimate, nondiscriminatory reasons for its decision, the presumption of discrimination created by the *McDonnel Douglas* framework "drops from the case," and "the factual inquiry proceeds to a new level of specificity." *Texas Dep't of*

*Community Affairs v. Burdine*, 450 U.S. 248, 255 n.10 (1981). Therefore, to avoid summary judgment at this stage, Plaintiff is required to produce evidence that her discharge "was in retaliation for [her] protected . . . activity, either through the use of direct evidence or by showing that [Defendant's] proffered non-retaliatory reasons for terminating [her] were pretextual. *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1396 (10th Cir. 1997) (citations omitted).

Plaintiff, in opposition to Defendant's motion for reconsideration, argues that the temporal proximity alone is sufficient to establish a genuine issue of material fact such that summary judgment is not proper. (doc. 97) Plaintiff further argues, without proffering any evidence of a pretextual motive, that "the record evidence is for the jury to sort out." (doc. 97, p. 3) Plaintiff has failed to offer any evidence necessary to carry its burden of establishing pretext under the *McDonnell Douglas* framework.

Accordingly, Defendant's motion for reconsideration is GRANTED, and Defendant's original motion for summary judgment on Plaintiff's retaliation claim is likewise GRANTED.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's motion for reconsideration, and GRANTS Defendant's original motion for summary judgment.

Baton Rouge, Louisiana, November 16, 2012.

                                                                   _____
                                                                   BRIAN A. JACKSON, CHIEF JUDGE
                                                                   UNITED STATES DISTRICT COURT
                                                                   MIDDLE DISTRICT OF LOUISIANA